SEMBIRING v. GONZALES Thank you, Your Honor. May it please the Court, Caleb Mason, representing Reston Potts Sembiring, is present in court. I'd like to reserve one minute for rebuttal. Okay. Thank you. Your Honor, this case has two aspects. I would focus first on the first and most I think, based on the impossibility of reconciling page 3 of the administrative record, which is the BIA opinion, with page 41 of the administrative record, which is a document that is flatly stated by the BIA in its opinion on page 3 not to exist. So it is difficult for me to see how that opinion can be affirmed. I would think at a minimum we would need to have remand for an adequate explanation of the BIA's assessment of the evidence. I want to make sure I understand your point. Precisely, what is it that the BIA says doesn't exist? A statement from my client attesting to the fact that she did not receive notice. Put my nose in the precise language in the BIA order that you were saying. She has submitted no evidence attesting to non-receipt. The record does not contain a sworn declaration. Point to exactly the language used by the BIA. This is page 3 of the administrative record. That's the second page. The BIA's opinion, it's about halfway down the page. The record of proceedings does not contain the respondent's sworn declaration. That's the last clause. I mean, that's what's bothering me. 41 isn't a sworn declaration. I'm sorry? 41 isn't a sworn declaration. Yes, Your Honor, that would be an argument that could be made. It's not. The BIA didn't make that argument, nor did the IJ. Stop. I'm not saying I disagree with you in a broad proposition, but to tell me that the BIA says there's no sworn declaration and look at page 41, it's not a sworn declaration. So I don't know what your point is. Well, Your Honor, the language, I think the case... Let me ask you, do you think page 41 is a sworn declaration? Well, Your Honor, the third line... Easy question. Yes or no? Yes, I do. Is page 41 a sworn declaration? Yes, based on the language, I swear that what I said is the truth. And is there any notary or any penalty of perjury language there? There is no penalty of perjury language. That is true. However, Ms. Simbering was pro se at this point, and as I argued at length in my brief, I think the functional test for this constituting a... Let me just make clear where I'm coming from. Yes, sir. I'm really not into the substance of your argument, but you've come in and tried to say, look, this document demonstrates the BIA didn't know what it was talking about. And what the BIA says is the respondent clearly submitted a motion to reopen, but it is not a sworn declaration. It's not turning to you to determine whether it's a sworn declaration. It doesn't think this is a sworn declaration. I don't think this is a sworn declaration. Now, that may not have been an adequate basis for the BIA to go on, but I think your point that there's a factual inconsistency here, the BIA didn't know what it was talking about, is not well taken. Your Honor, the document that the BIA was referring to in the language that you cite is found on page 81 of the administrative record. And that document is a typewritten motion to reopen. And that is what the IJ and the BIA were referring to. And in both cases, they correctly, both the BIA and the IJ, correctly, as you indicate, identified that document at page 81 as being not a declaration. So I think the most straightforward reading of this record is that the IJ and the BIA discussed the evidentiary sufficiency of page 81, that typed motion to reopen, which is, of course, not evidence. It's not a declaration. It's a motion. But did not make any mention of the other document, which is the handwritten letter at page 41. So the factual disparity that I am alluding to is the fact that there are two documents in the record here. One of them is a typewritten motion, which is not evidence and not an affidavit, not a sworn declaration by any standard. The other one is at page 41. And it is something separate from a motion. It is another document. It is a statement from my client attesting to non-receipt of notice. It is evidence, clearly, and there is no record anywhere in these proceedings that either the IJ or the BIA said anything about the evidentiary sufficiency of that document. So the question of whether or not under 28 U.S.C. 1746 it should be treated as an affidavit is an interesting question and one that I pursued at length in the brief. But it is not one that this Court needs to reach because the BIA would first have to say something about this document at 41. Well, let's assume that this handwritten document in which she writes on the third line from the bottom, I swear that I'm telling the truth, is not a sworn document in the sense of an affidavit, which it clearly is not. I mean, by affidavit or sworn declaration, I mean, and I take it that the BIA means, it's notarized at the bottom in the normal form. And assume further that the BIA was perfectly well aware both of this handwritten letter and of the typewritten motion to reopen. Okay. Then what? Well, then I think we would remand for an adequate explanation. I think that would be a routine remand that this Court grants all the time in NPOs at a rate of about once a week this year, remanding to the BIA for an adequate explanation of a piece of evidence that was submitted but not addressed. Well, aren't you actually asking for more than that? I mean, let's assume the BIA considered this. Aren't you really trying to argue that there can't be an adequate explanation for refusing to accept her appearance, her actual appearance on August 5th, the original date set for the hearing, as being a good faith demonstration that she never knew the date had been changed because if the date had been changed and she knew it, there's no reason for her to show up on August 5th? Right. Yes, that is certainly an argument, and that's one alternative argument, and I think it is open to this Court to reach that result, as I argued. However, the necessity of remand does not rest on this Court's accepting that argument. This Court can remand without reaching that argument. It can remand simply in order that the BIA say something about this piece of evidence, which is the only piece of evidence that you can't say. Your Honor, is it open to us on the record as it is now in front of us to conclude that the IJ, based on the handwritten letter, based on the typewritten motion to reopen, based on the behavior of the client or of your client, is it open to us to say that the refusal of the IJ to reopen was an abuse of discretion and simply remand with an instruction to reopen? Yes, it is, Your Honor. Okay. I would want to turn briefly to the question, the substantive argument, that I made in the brief about the 28 U.S.C. 1746 argument that is treating this as an affidavit substitute. Before I do that, however, I would like to turn briefly to another issue, which is in the government's brief, and I take it the government will probably address, and that is the meaning of the term initiate proceedings in the Salta case. It would be an argument that the government could make, and I think has made, that the Salta remedy that this Court set out for claims of lack of notice when the notice to appear was sent by regular mail is not even open to my client at all because she did not initiate proceedings. And I would argue that by filing an asylum application, as she did, my client did, in fact, initiate a proceeding with the aim of obtaining a benefit. And that to read Salta in the narrow sense that the government urges, that is, applying only to people in the unique, I mean, one might say extremely idiosyncratic procedural posture of Regina Salta herself, who approached the INS and asked unsolicited for, in order to show cause, so that she could then apply for cancellation of removal, that that would render the Salta opinion really a melody as precedent because most clients, most aliens, in fact, every other alien that I'm aware of, is not in that procedural posture. And for Salta to have force as precedent, I think it needs to apply to the full range of asylum applicants who filed asylum applications and thus initiated proceedings with the government with the hope of obtaining a benefit. Was her asylum application still alive when the NTA was served? Yes, it was. Yes, it was. And in fact, the remand that we seek is simply a remand to have that initial hearing on the merits of her asylum application. That's all she's asking for in this case, is the hearing that she showed up for initially on August 5th. What you really wanted to say, let's go back to the position we were in as of August 5th, or as of August 5th before the hearing was rescheduled. You just want to have the hearing that was put off to one side and so on. Exactly. That's all we want, is to get back to the position that she was in when she showed up with the NTA in hand on August 5th and said, I'm here for my hearing. That's what you want to be. Okay. You've got just under a minute. Okay. We'll hear from the government. I will share my screen. May it please the Court, my name is Jennifer Paisner on behalf of the respondent. I think it's undisputed that in order to get her proceedings reopened, she had to submit an affidavit along with the motion to reopen. I don't think that's undisputed. Well, it's in the regulation and it's part of this Court's decision in SALTA that there has to be a sworn affidavit explaining why. It's not in the Court's decision in SALTA. It says this Court's decision in SALTA says a sworn affidavit is sufficient. Well, we would submit that the regulation requires a sworn affidavit. Let's take a step back for a second. Is there serious reason to dispute whether she showed up on August 5th? Well, that's the point of the proceeding. That's the requirement of the sworn affidavit for her to explain why she didn't show up. I think that's a factual dispute. But there's been no factual determination that she didn't show up. There's been no factual determination that she actually received notice. The conduct doesn't make any sense if you take a step back. What you're talking about is the failure to do it in the form specified by the regulation. I certainly have made clear I don't think the letter that she submitted is a sworn declaration. But are we talking about anything other than a matter of form? I think we are. I mean, the presumption, there is still a presumption, even with regular mail, of delivery. Why would she appear on August 5th? Your Honor, that's something I can't answer. Well, you better, because otherwise it makes no sense whatsoever. Think about it. Does it make any sense for her to appear on August 5th if she'd received notification that the hearing had been moved from that date to July 30th? I believe, based on the record, that her testimony or her claim that she appeared on August 5th is included in that handwritten letter at AR-41. Let's be serious. Do you dispute that she showed up on the 5th of August? Your Honor, I have no idea if she showed up on the 5th of August or not. It's not my role to make that factual determination. It was her burden to show to the immigration judge. That's the requirement of the sworn affidavit. So has the government ever disputed that she showed up, or has the government just said, we don't know? Well, I think it's important to recognize the presumption of regular delivery. I'm sorry. I'm asking a different question. You're now saying you don't know whether she showed up on August 5th, even though you have a signed letter that says, I was there, even though we have a typewritten motion to reopen that says she was there, and you have no contrary evidence that says she didn't show up, correct? That is correct, but it's her burden to prove that she was there and that she didn't receive notice of the change of hearing. But those are two separate questions. One question is, did she show up on August 5th? The other question is, did she receive notice of the rescheduling, correct? Yes. What evidence do you have that the rescheduling notice was mailed? I believe there's – Well, honestly, I'm not sure if there's evidence in the record about that or not. There may be. I've dealt with the government. I've dealt with the court. I've dealt with this court. It happens more often than I would like to admit that we send out rescheduling orders or we think we've sent out rescheduling orders. The lawyers show up at the wrong time, or they don't show up, and we go back and investigate, and, oh, my goodness, we didn't send it out. So I'd like a little evidence that suggests that it was sent. It may be in the record. I am not certain. I mean, what I do know is that the notice to appear was sent to – If you would look at AR 77, there's something. And maybe you can tell me what that is. Does that purport to be evidence of having been sent? Because I can't read it. That's been scheduled for a master hearing for the immigration court on July 30th. I'm on – what page are you on? I'm on AR 77. That's right. And I was looking at both the page before and the page after. Yeah. I mean, there is a letter on both AR 76 and AR 78 that appears to be exactly the same letter. I would point out that it's not – there is still a presumption of regular delivery. And the motion – the rescheduling letter is here. Careful. I agree that there's a presumption of regular delivery, but I'm asking a separate question. I'm not asking whether the mail service delivered it once it has been given into the hands of the mail service. I'm asking what evidence do we have that it was ever given to the U.S. Mail? We have the text of this letter. Well, there's a certificate of service at the bottom of the text of the letter that says it was served by mail. It's signed. Yes. And that's a weird sort of certificate of service. It says it was served by mail and the handwritten date is July 8th, yet the date of the letter is July 9th at the top of the letter. Your Honor, I don't know. I mean, I think the question is – I don't know either. I think the point is that these questions are dealt with before the immigration judge in a factual hearing. There's a system set up. There's still a presumption of regular mail delivery. There's a system set up for the alien to rebut that presumption. The system is that she submits an affidavit stating and explaining why she didn't get the letter. What regulation are you referring to, Ms. B? I believe it's the regulation at 1003.23B3, and unfortunately I don't have the regulation in front of me at this moment. You know, I'd like that regulation just to make sure that we're on the same page. You don't have a copy of that regulation? I don't at this moment. I apologize. We relied mostly on – Is there a copy in the briefing? Is there a copy anywhere in the – I think the brief mostly refers to the court's decision in SALTA. Mostly? Or entirely. I don't – If it's entirely, maybe you've waived any reliance on the regulation? You know, I'm looking at the regulation. It says a motion to reopen shall state the new facts and will be proven at a hearing and shall be supported by affidavits and other evidentiary material. It doesn't need to be limited to affidavits. It seems to contemplate other evidentiary material. Why wouldn't her letter fall into that category? That gets to something I wanted to eventually get to, which is the letter. I mean, I think there's no disagreement that the motion to reopen at AR81 is neither an affidavit nor evidentiary material. It's a motion. If the court looks at the record and where this handwritten letter appears, it appears attached to her motion to reconsider before the immigration judge. So she files a motion to reopen. The immigration judge denies it. She then files a notice of appeal with the board and apparently a day later files a motion to reconsider with the immigration judge and then says in her later appeal brief to the board that the motion to reconsider was denied. There's no evidence in the record as to why it was denied, but the immigration judge wouldn't have had jurisdiction at that point because she had filed an appeal with the board. My point in all of this is that the handwritten letter only appears attached to the motion to reconsider before the immigration judge. She did not attach it to her initial motion to reopen before the immigration judge, which is what she appealed to the board. So this handwritten letter without any date, which is what the dispute is about, it appears, well, it's clear from the record it wasn't before the immigration judge. It wasn't before the board. Why is it clear from the record that it was not before the immigration judge? Well, the only place it appears in the record is attached to this motion to reconsider. All the record indicates she filed before the immigration judge initially was this typewritten motion at AR 81, which is what the board was reviewing on appeal. It wasn't reviewing the motion to reconsider, which she later filed before the immigration judge. And, I mean, I think one reading of the board's decision at AR 3, when it talks about how there's no sworn declaration, is that it didn't have any of this. None of this information was included because it wasn't part of her motion to reopen before the immigration judge. I mean, I think that's the fairest reading of the board's decision. If the court disagrees, if the court thinks that the board should have somehow considered the document at AR 41, I guess I would suggest a remand because clearly this discussion about whether there's evidence that it was mailed and whether she was actually there on August 5th are questions that are best answered by the immigration judge, not by me and not by this court. You know, the immigration judge had a chance to answer it already. Well, but it's clear that this document at AR 41, it's clear from the record, and I didn't see anything in Petitioner's brief or reply brief, that this handwritten letter was submitted to the immigration judge with the motion to reopen. All the immigration judge had was this typewritten document at AR 81, which is a motion. It's not evidence. It's not an affidavit. I think even under the text of the regulation, it wouldn't qualify as the type of evidence that that regulation contemplates. Can I ask you a question just as a purely practical matter? If it's the government's interest to have her removed from the country as promptly as possible, wouldn't it be to the government's advantage to stipulate that she gets her asylum hearing instead of spending another three or four years arguing about whether she got the letter to show up on the 5th or the 30th? Wouldn't that kind of get the show rolling here? Well, there's a process in place to get an in absentia order rescinded, and our argument is that she had no point complied with that process. She hasn't met her burden of proving that she didn't receive. It sounds like maybe we're going to spend seven years. We've already got four years invested in this one. We're going to spend another three or four years worrying about whether she got the letter when she could go ahead and get her hearing and then see where that takes us. Well, our position is that there's still a process in place for her to get this motion. To get her proceedings reopened, there are regulations that deal with it. She didn't comply with the regulations. She had a duty to show up on the rescheduled date, and she hasn't shown. And the regulation you're referring to is the one that Judge Solomon read to you? And sort of common sense, that if you're going to say you didn't receive notice, it has to be under penalty of perjury. I'm not going to say. I don't see a whole lot of common sense being applied here. Because basically what we're hearing is an argument that says, because this woman operating at that time pro se and responding very quickly, there's no doubt that she didn't wait years to show up when we see those cases. Within a few days, contacting the court in some form to say, I didn't know about the change in date, it seems to me the thing to do is address, well, gee, did she know about the change in date? It doesn't make a lot of sense for her to show up on August 5th that she didn't think that's when the hearing was. I have a little trouble with an argument that purports to be based on common sense. I haven't seen a whole lot of common sense applied in this case. I would point out that she was represented by counsel on appeal,  I don't know why it was apparently attached to a motion to reconsider before the immigration judge and then not included in any further point in the proceeding before the board, but it wasn't. If this court is concerned about this case, I would suggest that, again, it go back. For three more years of litigation over whether she received the letter? Well, it is her. There is still a receipt. I think the answer to that question is yes. It should go back for three more years of litigation over whether she received the letter. Well, I have no idea how much time it would take. I would suggest at a minimum that if her position is that this letter at AR-41 constitutes the requisite proof, that it go back for her to actually submit this letter. When the BIA says no, when we have another petition for you to this court and you get another hearing in front of this court two or three years from now. Well, I don't know what to say other than that's how the system is set up for her to appear. The system is not set up so that this is an inevitable result, that we should be here several years thereafter, we should be here a full-dress oral argument in the Court of Appeals, that you should have flown out of government expense from Washington, D.C. I mean, this case is an embarrassment. I don't say to you in particular, I don't say to us in particular, but it's an embarrassment to our system that it should have taken so long, that it should have taken so much money and so much effort over what appears to be a simple case of rescheduling and she shows up on the original scheduled date. This is just a silly case. Do you agree with that? I mean, I'm not asking you to take a legal position, but this seems a little silly. I really don't know how to respond to that. You don't have to respond to that. Okay. Thank you. Thank you. Do you have any response? Do you think this is a silly case? Thank you, Your Honor. Yes, I do, and I only wanted to reiterate the characterization of this case made by the Court, and I think that the practical solution here that is in everybody's interest, in the interest of swift justice, is to send her back for an asylum hearing as was originally scheduled. Okay. Thank you. Thank you very much. Thank you, both sides, for your argument. And I hope that you've enjoyed your trip to Los Angeles. I'll see you again today. Okay. Thank you. The case of Sembiring, if I'm pronouncing it correctly, versus Gonzalez is now submitted for decision.
judges: Silverman, W. Fletcher, Clifton.